IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

VALENTINE KALIE, JR., §
TDCJ ID NO. 1733270, §
 §
        Petitioner, §
 § CIVIL ACTION NO. H-15-0187
v. §
 §
WILLIAM STEPHENS, §
 §
        Respondent. §

**MEMORANDUM OPINION AND ORDER**

Valentine Kalie, Jr., filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) challenging his state convictions. Pending before the court is Respondent William Stephens' Motion for Summary Judgment with Brief in Support ("Respondent's Motion for Summary Judgment") (Docket Entry No. 18). For the reasons stated below, the court will grant Respondent's Motion for Summary Judgment and will dismiss Kalie's Petition.

### I.   **Background and Facts**

In the 221st District Court of Montgomery County, Texas, Kalie was charged by indictment under Cause No. 11-02-01923-CR, with two counts of aggravated robbery and one count of evading arrest.[1] On

---

[1] Indictment, Docket Entry No. 12-2, p. 7.

June 15, 2011, a jury found Kalie guilty as to all three counts.[2] Kalie's punishment was assessed by the jury, which sentenced him to concurrent sentences of thirty-five, nine, and thirty years.[3] On June 27, 2012, the Court of Appeals for the Ninth District of Texas ("Ninth Court of Appeals") affirmed Kalie's conviction.[4] Kalie did not file a petition for discretionary review.[5] The Ninth Court of Appeals issued its mandate on August 21, 2012.[6]

On July 1, 2013, Kalie filed a state habeas petition challenging his conviction, raising claims of ineffective assistance of counsel and double jeopardy.[7] On October 14, 2014, the state habeas court signed Findings of Fact and Conclusions of Law rejecting each of Kalie's claims.[8] On December 17, 2014, the Texas Court of Criminal Appeals denied relief without a written order.[9] On January 21, 2015, Kalie filed his federal Petition

---

[2]Judgment of Conviction by Jury, Docket Entry No. 12-2, pp. 77-82.

[3]Id.

[4]Ninth Court of Appeals Memorandum Opinion, Docket Entry No. 11-6, pp. 1, 7.

[5]State Application for a Writ of Habeas Corpus, Docket Entry No. 17-4, p. 8.

[6]Mandate, Docket Entry No. 17-4, p. 71.

[7]State Application for a Writ of Habeas Corpus, Docket Entry No. 17-4, pp. 6-26.

[8]Findings of Fact and Conclusions of Law, Docket Entry No. 17-4, pp. 51-54.

[9]Action Taken on State Habeas Application, Application No. 80,639-02, Docket Entry No. 17-2, p. 1.

under 28 U.S.C. § 2254, raising the same claims urged in his state habeas petition.[10] On May 18, 2015, Stephens filed Respondent's Motion for Summary Judgment.[11]

## II. Standard of Review

### A. Summary Judgment

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (quoting Celotex,

---

[10]Petition, Docket Entry No. 1, pp. 1, 4.

[11]Respondent's Motion for Summary Judgment, Docket Entry No. 18.

106 S. Ct. at 2553). If the moving party meets this burden, Rule 56(c) requires the nonmovant to show that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-54). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000).

B.  Presumptions Applied in Habeas Cases

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides "[t]he statutory authority of federal courts to issue habeas corpus relief for persons in state custody." Harrington v. Richter, 131 S. Ct. 770, 783 (2011). When considering a summary judgment motion the court usually resolves any doubts and draws any inferences in favor of the nonmoving party. Reeves, 120 S. Ct. at 2110. However, the amendments to 28 U.S.C. § 2254 contained in the AEDPA change the way in which courts consider summary judgment in habeas cases.

In a habeas proceeding, 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are "presumed to be correct." This statute overrides the ordinary summary judgment rule. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004)). Therefore, a court will accept any findings made by

the state court as correct unless the habeas petitioner can rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) ("The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

The provisions of § 2254(d) set forth a "highly deferential standard for evaluating state-court rulings." Lindh v. Murphy, 117 S. Ct. 2059, 2066 n.7 (1997). A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2000). A decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 1523.

In reviewing a state court's determination regarding the merit of a petitioner's habeas claim, a federal court cannot grant relief if "fair-minded jurists could disagree on the correctness of the state court's decision." Richter, 131 S. Ct. at 786 (internal quotation marks omitted).

### III. Analysis

Kalie alleges three claims in his federal habeas petition, each of which was raised in his original state habeas petition.[12] Kalie first contends his indictment and subsequent convictions for two counts of aggravated robbery violate double jeopardy.[13] Second, Kalie contends he received ineffective assistance of counsel because his trial counsel did not object to the indictment for violating double jeopardy.[14] Finally, Kalie contends he received ineffective assistance of counsel because his appellate counsel failed to notify him that the deadline for filing a petition for discretionary review was thirty days.[15]

#### A. Double Jeopardy

Kalie contends that his two aggravated robbery convictions violate double jeopardy because he received two punishments for a

---

[12] Petition, Docket Entry No. 1, pp. 6-7; State Application for a Writ of Habeas Corpus, Docket Entry No. 17-4, pp. 6-26.

[13] Petition, Docket Entry No. 1, p. 6.

[14] Id.

[15] Id. at 7.

single offense.[16] Double jeopardy issues are cognizable under 28 U.S.C. § 2254. See Austin v. Cain, 660 F.3d 880, 886 (5th Cir. 2011). The Fifth Amendment of the Constitution protects against second prosecution of the same offense after acquittal, against second prosecution of the same offense after conviction, and against multiple punishments for the same offense. North Carolina v. Pearce, 89 S. Ct. 2072, 2076 (1969). The relevant protection implicated by Kalie's claim is the third-listed protection against multiple punishments for the same offense.

The usual test for determining whether the Double Jeopardy Clause has been violated is set out in Blockburger v. United States, 52 S. Ct. 180 (1932). The Blockburger test does not apply, however, when only one statute is involved and two offenses are committed. In such a case Sanabria v. United States, 98 S. Ct. 2170, 2182 n.24 (1978), provides the test for determining whether there has been a violation of double jeopardy. The legislature determines the scope of protection afforded by prior conviction or acquittal by prescribing an allowable unit of prosecution. Id.; United States v. Cooper, 966 F.2d 936, 942 (5th Cir. 1992). By prescribing an allowable unit of prosecution the legislature is identifying "a distinguishable discrete act that is a separate violation of the statute." Id.; Ex parte Hawkins, 6 S.W.3d 554, 556-57 (Tex. Crim. App. 1999) (en banc).

---

[16]Petition, Docket Entry No. 1, p. 6.

Kalie's double jeopardy claim is based on his two convictions of aggravated robbery.[17] Because robbery is a form of assault, the allowable unit of prosecution for robbery is the same as for an assault. Ex parte Hawkins, 6 S.W.3d at 559-561. Accordingly, the Texas Court of Criminal Appeals has determined that the allowable unit of prosecution for robbery is each victim. Id. at 560-61.

Kalie was indicted for two counts of aggravated robbery because the robbery involved two victims.[18] At trial Kalie was found guilty as to both counts of aggravated robbery.[19] Following his trial Kalie raised the issue of double jeopardy on direct appeal. The Ninth Court of Appeals held that although both counts of aggravated robbery stem from a single act, under Ex parte Hawkins Kalie could be charged and convicted for aggravated robbery for both victims of the act.[20] Accordingly, the Ninth Court of Appeals denied Kalie's double jeopardy claim.[21]

This court concludes that the Ninth Court of Appeals correctly applied the law as established by the Texas Court of Criminal

---

[17]Petition, Docket Entry No. 1, p. 6.

[18]Indictment, Docket Entry No. 12-2, p. 7.

[19]Judgment of Conviction by Jury, Docket Entry No. 12-2, pp. 77-82.

[20]Ninth Court of Appeals Memorandum Opinion, Docket Entry No. 11-6, pp. 1, 7.

[21]Id.

Appeals. Because his double jeopardy claim lacks merit, Kalie cannot show that the state court's denial of that claim was based on an unreasonable interpretation of clearly established federal law or on an unreasonable determination of facts in light of the record. Accordingly, Kalie's double jeopardy claim is **DENIED**.

## B. Ineffective Assistance of Counsel

Kalie asserts two claims of ineffective assistance of counsel.[22] Kalie first contends his trial counsel was ineffective for failing to object to the indictment and preserve his double jeopardy claim for appeal.[23] The Sixth Amendment to the Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. Const. amend. VI. Ineffective assistance of counsel claims are evaluated under the two-prong test set out in Strickland v. Washington, 104 S. Ct. 2052 (1984). To prevail on an ineffective assistance of counsel claim a petitioner must demonstrate that his counsel's performance was deficient and that the petitioner was prejudiced by his counsel's deficient performance. Strickland, 104 S. Ct. at 2064. The petitioner bears the burden of showing by a preponderance of the evidence that he was deprived of the right of effective assistance of counsel. See Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000). A failure to

---

[22]Petition, Docket Entry No. 1, pp. 6-7.

[23]Id. at 6.

satisfy either prong of the <u>Strickland</u> test renders it unnecessary to examine the other prong. See <u>Strickland</u>, 104 S. Ct. at 2074; <u>Green v. Johnson</u>, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. <u>Clark</u>, 227 F.3d at 282. "There is a strong presumption that counsel's conduct falls within the wide range of objectively reasonable conduct." <u>Id.</u> at 283. To establish that his counsel's deficiency resulted in prejudice a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> (internal quotation marks omitted).

Kalie's claim of his trial counsel's ineffectiveness is rooted in his first claim of a violation of double jeopardy. As explained above, Kalie's double jeopardy argument has no merit. A lawyer has no duty to raise meritless objections. <u>Clark v. Collins</u>, 19 F.3d 959, 966 (5th Cir. 1994). Because Kalie contends that his trial counsel was ineffective for failing to make a meritless objection, he has failed to show that his trial counsel was deficient. Therefore, Kalie has failed to show that the state court's denial of this claim was based on an unreasonable interpretation of clearly established federal law or on an unreasonable determination of facts in light of the record.

Lastly, Kalie contends that his appellate counsel was ineffective for failing to inform him of the thirty-day deadline to file a petition for discretionary review. The state habeas trial court found that Kalie's counsel informed him of his right to file a pro se petition for discretionary review and was, therefore, not ineffective.[24] Moreover, in Moore v. Cockrell, 313 F.3d 880, 881-82 (5th Cir. 2002), the Court held that appellate counsel's failure to timely notify a defendant of the outcome of his direct appeal does not amount to ineffective assistance of counsel. The Court concluded that "[t]he constitutionally secured right to counsel ends when the decision by the appellate court is entered." Id. Moreover, in Ross v. Moffit, 94 S. Ct. 2437, 2447 (1974), the United States Supreme Court stated that there is no right to counsel for discretionary review in state court.

The court therefore concludes that Kalie has not shown that the state court's denial of this claim was based on an unreasonable interpretation of clearly established federal law or an unreasonable determination of facts in light of the record. Accordingly, Kalie's final claim of ineffective assistance of counsel is **DENIED**.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253 Kalie must obtain a certificate of appealability ("COA") before he can appeal this Memorandum Opinion

---

[24]Findings of Fact and Conclusions of Law, Docket Entry No. 17-4, pp. 52, 53.

and Order dismissing his Petition. A COA will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). If denial of relief is based on procedural grounds, the petitioner must not only show that "'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,' *but also* that they 'would find it debatable whether the district court was correct in its procedural ruling.'" Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001) (quoting Slack, 120 S. Ct. at 1604) (emphasis in original). A district court may deny a COA, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). This court concludes that Kalie is not entitled to a COA under the applicable standards. See 28 U.S.C. § 2253(c).

## V.  Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent Stephens' Motion for Summary Judgment (Docket Entry No. 18) is **GRANTED**.

2. Kalie's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**.

3. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 17th day of July, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE